FILED & ENTERED

MAR 02 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Gonzalez DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>Solyman Yashouafar<br><br>Debtor(s). | CHAPTER 11<br><br>Case No.: 1:16-bk-12255-GM<br>Adv No:  1:17-ap-01040-GM<br><br>**MEMORANDUM OF OPINION ON DEFENDANTS' MOTION TO DISMISS THE FIRST, SECOND, EIGHTH AND NINTH CLAIMS IN THE SECOND AMENDED COMPLAINT**<br><br>Date:      January 23, 2018<br>Time:     10:00 AM<br>Courtroom: 303 |
| DAVID K GOTTLIEB<br><br>    Plaintiff(s),<br>   v.<br><br>Elkwood Associates, LLC<br><br>    Defendant(s). | |

    The background to this adversary proceeding is contained in the Memorandum of Opinion Re Defendants' Motion to Dismiss First Amended Complaint (dkt. 34).  While that motion sought dismissal of the entire complaint, it focused most heavily on the First

-1-

and Second claims which were to quiet title and set aside the Rexford foreclosure sale.

### First Claim – Quiet Title

In the First Amended Complaint (FAC), Plaintiff relied on the Fieldbrook Assignment (Exhibit B to the First Amended Complaint, Exhibit E to the Second Amended Complaint) to assert that "on or about February 18, 2015, Elkwood executed a certain assignment of the PWB Loan, and the Chalette DOT and Rexford DOT in favor of Fieldbrook…." Since Exhibit B showed only the Chalette trust deed was transferred to Fieldbrook, the Court ordered that the First Claim for Relief had to be amended.

The issue of tender was also discussed and the Court held that if "the Plaintiff successfully amends the FAC to support his contention that Fieldbrook was the owner of the Rexford DOT or the entire Note at the time of the foreclosure sale, then no offer to tender is required…."

The Court also determined that the Plaintiff must join the junior lienholders (including the Abselets) under the First and Second Claims for Relief.

### Second Claim – Set Aside Foreclosure Sale of Rexford

The Court found that the "defects" listed in the FAC as to the sale were not sufficient to meet the requirements of Civ.Code §2924(c) and that the Plaintiff would have to plead additional errors in the sale procedures or sufficient facts or law that would support the theory that the sale was illegal and that Elkwood had no legal right to credit bid.

Alternatively, Plaintiff could show that Elkwood does not qualify as a bona fide purchaser for value and without notice. The Court held that the FAC sufficiently pleaded that Elkwood does not meet the requirements of the first element (bona fide purchaser for value) and cannot be a BFP.

While the Court held that the Trustee need not actually tender, it also required

him to add such an offer and the details involved in carrying it out if he should prevail and set aside the foreclosure sale on Rexford.

### Constructive Fraudulent Transfer Claims as to Chalette

The Court found that the Tenth (under §548(a)(1)(A)) and Eleventh (under §3439(a)(1)) Claims were to be dismissed with leave to amend since the FAC does not contain allegations of unfairness or prejudicial irregularities as to the Chalette sale.

On October 18, 2017, Plaintiff filed his Second Amended Complaint (dkt. 39). The major changes to the SAC are as follows:

1. Citivest Financial Services, Inc.; Israel Abselet; Howard Abselet; Chase Manhattan Mortgage Company; Quality Loan Service Corporation; and Soda Partners, LLC have been added as defendants.

2. The following exhibits have been added: PWB Note, Rexford DOT, and Chalette DOT.

3. The specific terms of the PWB Note and trust deeds have been excerpted.

4. Plaintiff specified that due to the language of the Fieldbrook Assignment:

    a. the Fieldbrook Assignment assigned the Chalette DOT from Elkwood to Fieldbrook;

    b. the Fieldbrook Assignment conveyed the PWB Note from Elkwood to Fieldbrook by paragraph 4 on page 1 "as it was the debt instrument tied to the Chalette DOT;"

    c. because the PWB Note was assigned, the Rexford DOT was also automatically assigned by operation of law under Cal. Civ. Code §2936;

    d. the title of the Fieldbrook Assignment states that the DOT and Promissory Note were assigned and since the PWB Note was assigned, the assignment of the Rexford DOT occurred by operation of law.

5. As one of the irregularities described in the Second Claim for Relief, the SAC

states: "When Elkwood transferred the Chalette DOT to Fieldbrook by way of the Fieldbrook Assignment it also transferred the entire PWB Note, which in turn automatically transferred the Rexford DOT by operation of law to Fieldbrook. As a result, Elkwood did not own the PWB Note or Rexford DOT, directly or indirectly, and, consequently, was not entitled to credit bid for the Rexford Property as Elkwood was not owed anything nor did it hold the power to foreclose under the Rexford DOT."

6. Because of the above, the Rexford Foreclosure Sale is void since Citivest had no authority to deliver the Rexford Foreclosure Sale Deed to Elkwood.

7. The prior claims to avoid the transfer of Chalette as a constructive fraudulent transfer under 11 USC §548(a)(1)(B), 11 USC §544(b) and Cal. Civ. Code §§3439.04(a)(2) and 3429.05 have been removed from the SAC.

Motion to Dismiss the SAC

The arguments in the Motion to Dismiss as to the First and Second Claims for Relief are largely a rehashing of the prior motion. The basic argument is, in short, that it is an erroneous legal conclusion that the "supposed" assignment to Fieldbrook meant as a matter of law that the Rexford DOT was assigned to Fieldbrook. The Fieldbrook Assignment is ambiguous as to whether the entire PWB was assigned and whether the Rexford DOT was assigned. The Guerrero memo of the previous day made it clear that only part of that PWB Note had been assigned to Fieldbrook, the balance remained with Elkwood, and the Rexford DOT was not assigned to Fieldbrook.

Beyond that, the Plaintiff does not deal with the issue of tender of the $782,000+ to Elkwood that is needed to pursue this claim. At most the Rexford sale is voidable and not void, so tender is required.

The same deficiencies exist in both the First and Second Claims. But also, lienholders and Citivest are not joined as parties in the Second Claim.

As to the Eighth and Ninth Claims to avoid the sale of the Chalette Home, it is necessary to join the owner of Chalette since the Trustee is seeking to avoid the sale.

The property cannot be transferred back to Fieldbrook without making the current owner a party.

Opposition to Motion to Dismiss

The Fieldbrook Assignment contained no limiting language, which demonstrates that Elkwood assigned the entire PWB Note to Fieldbrook. Parole evidence is not appropriate because the Fieldbrook Assignment is unambiguous. The express terms of the PWB Note required the consent of the Debtors before Elkwood could assign less than the entire PWB Note and that was never obtained.

Because the foreclosure is void, tender is not required. Elkwood does not meet the requirement of "good faith" to be a BFP under the Second Claim and the Court already has held that the Second Claim satisfied the other requirements.

As to the Eighth and Ninth Claims, the Trustee is not seeking to recover the Chalette Home, just the value from the Defendants, not from the current homeowners. Thus the current homeowners need not be named or joined.

Reply

In the Reply, the Defendants again address the legal theories that the Trustee does not have standing to pursue this matter. Relying largely on *Yvanova v. New Century Mortgage Corp.*, 62 Cal.4th 919 (2016), Defendants argue the Trustee does not contend that the Fieldbrook Assignment is void. If it is merely voidable, the borrower (here the Trustee standing in the shoes of the Yahouafars) has no standing to sue for wrongful foreclosure. Also, because the Fieldbrook Asssignment was between Fieldbrook and Elkwood, only they have the power to make it void.

Once again the Defendants argue that tender is required for standing. Because there is a patent ambiguity as to why the entire PWB Note would be assigned to Fieldbrook without assigning the Rexford DOT, extrinsic evidence is allowed. Thus, at best, the sale of Rexford is voidable, but not void.

As to the Second Claim, the alleged issues concerning the assignment are not "irregularities" in the notice and sale of the Rexford Home and cannot be the basis to set aside that sale.  Also this is duplicative of the First Claim for quiet title.  Plaintiff also has not properly pleaded that Elkwood is not a BFP.

Although the lienholders were joined in the First Claim, they were not in the Second Claim and thus would be free to pursue duplicative actions.

As to the Eighth and Ninth Claims, the Court should bind the Plaintiff to its decision that it is not seeking to avoid the foreclosure sale of Chalette, but is only seeking damages.

Analysis and Ruling

The parties tend to forget that this is a motion to dismiss the complaint and not a motion for summary judgment even though there are evidentiary exhibits.  Thus, there can be alternative theories of recovery and even alternative alleged facts.  As to the parole evidence rule and the interpretation of the Fieldbrook Assignment in relation to the Guerrero Memo, this is not the appropriate place for the Court to decide whether there is sufficient ambiguity to allow parole evidence and there is to be no external evidence at this time.  Discovery is yet to be taken.

As to standing, it is clear that the Trustee is relying only on the theory that the foreclosure of Rexford is void in that Elkwood had no remaining interest in the Note and thus could not order foreclosure or credit bit.  This gives him standing to pursue this claim.

As to the issue of tender, if there is any theory upon which the foreclosure sale of Rexford would be void, tender is not required.  The Trustee has put forth such a theory.  Whether he can prove it is not an issue to be decided in a motion to dismiss.  However, the SAC still asserts that the sale is voidable due to irregularities, but does not add any new procedural or legal irregularities to the Second Claim.  The Court previously held that the items listed were insufficient to meet the requirements to set aside the sale

under Civ.Code §2924(c).  At oral argument, the Trustee agreed that there were no other irregularities known at this time and that the theory he is pursuing is only as to the ownership of the Note, thus creating a void (not voidable) sale.  Further, it is clear that the Second Claim is not necessary to his recovery.  Thus the issues of tender, BFP, and adding Citivest to the Second Claim are all moot.  The Court will dismiss the Second Claim for Relief.  If the Plaintiff later finds evidence that would support a motion to amend, he may bring such a motion at that time.

As to the Eighth and Ninth Claims, the Plaintiff has determined that he will not pursue the owners of Chalette in this adversary proceeding. He is to add that language to the prayer.

The First Claim must be amended to name any currently remaining junior lienholders (one of which obtained a lien after the initial Trustee's Sale Guaranty).

The Third Amended Complaint is to be filed no later than March 6, 2018.  An alias summons is to issue as to the newly named defendant(s).  The response by all Defendants is to be filed no later than April 10, 2018.

###

Date: March 2, 2018

Geraldine Mund
United States Bankruptcy Judge