**FILED & ENTERED**

APR 30 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Fisher   DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re:<br><br>SOLYMAN YASHOUAFAR and MASSOUD AARON YASHOUAFAR,<br><br>Debtors. | CHAPTER 11<br><br>Case No.:   1:16-bk-16-12255-GM<br><br>Adv No.:    1:17-ap-01040-MT<br><br>**SUPPLEMENTAL MEMORANDUM RE CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Date:         December 11, 2018<br>Time:        9:30 a.m.<br>Courtroom:  302 |
| DAVID K. GOTTLIEB, as Chapter 11 Trustee,<br><br>          Plaintiff,<br><br>v.<br><br>ELKWOOD ASSOCIATES, LLC., *et al.*,<br><br>          Defendants. | |
| AND RELATED COUNTER- AND CROSS-ACTIONS | |

    The Court released its Memorandum re: Cross-Motions for Summary Judgment on January 25, 2019 ("First Memorandum"). On February 27, 2019, the Court heard argument on Elkwood Associates, LLC and related entities' ("Elkwood's") objection to

the form of order for those cross-motions for summary judgment.

Elkwood is correct that the issue of a "redemption price" was raised in their opposition to the Motion for Summary Judgment filed by the chapter 11 trustee David Gottlieb ("Trustee"). The Court's First Memorandum left the issue of a "redemption price" to be decided at a later time by motion due to inadequate briefing. Elkwood has argued that a determination of a redemption price is a necessary requirement of Trustee's quiet title action, and that therefore any order on the cross-motions for summary judgment must only be a partial summary judgment in favor of Trustee until the issue of redemption price is decided. The issue has now been sufficiently briefed in the cross-motions for summary judgment pleadings and in the objections to the form of order, so no further briefing or motion will be necessary.

<u>Sys. Inv. Corp. v. Union Bank and Redemption</u>

Elkwood argues that as a requirement of the Trustee's quiet title action, a redemption price must be paid to Elkwood. The exact nature and source of this redemption right is not well explained and Elkwood provides just one case to support its argument. <u>Sys. Inv. Corp. v. Union Bank</u>, 21 Cal. App. 3d 137 (Ct. App. 1971) (hereafter "<u>System Investment</u>"). The <u>System Investment</u> court affirmed the trial court's decision that that trustee's deed upon sale "should be declared void and should be set aside upon condition that plaintiffs do equity and tender $1,123,494.14 to defendant Union Bank. . . ." <u>Id.</u> at 150. <u>System Investment</u> reviews whether the trial court abused its discretion in considering various expenses in connection with determining the proper redemption price. The additional cases cited at oral argument do not change the court's analysis. See <u>Knapp v. Doherty</u>, 123 Cal. App. 4th 76 (2004).

First, note that <u>System Investment</u> is quite old. This is relevant because the fine distinctions between a void and voidable foreclosure for purposes of tender had not yet been spelled out clearly in the case law, so the case does not use the same terminology that more recent cases have adopted. <u>See, e.g.</u> <u>Lona v. Citibank, N.A.</u>, 202 Cal. App. 4th 89, 105 (2011). The tender requirement, where it applies, is based on the rationale that "if the borrower could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the borrower. <u>Id.</u> at 112 (Quoting <u>FPCI RE-HAB 01 v. E & G Investments, Ltd.</u>, 207 Cal. App. 3d 1018, 1022 (Ct. App. 1989)). In <u>Arnolds Mgmt. Corp. v. Eischen</u>, the court explicitly connected the tender requirement to the right of a junior lienholder to redeem or cure the delinquency before foreclosure. 158 Cal. App. 3d 575, 579 (Ct. App. 1984)(citing Cal. Civ. Code §§ 2904, 2924c(a)(1)).[1]

Another often cited principle in connection with the tender requirement is that a party seeking to set aside a foreclosure sale "is required to do equity before the court will exercise its equitable powers." <u>Lona</u>, 202 Cal. App. 4th at 112. In <u>System Investment</u>, the trial court "said that the redemption price (including a statement of conditions for tender thereof) was fixed in order to do equity." It appears that the <u>System Investment</u> court was determining the "redemption price" for purposes of tender because the foreclosure in that case was voidable and not void, as is the case here. Tender is not required where the foreclosure is void, rather than voidable. <u>Lona</u>, 202 Cal. App. 4th at 113. Elkwood, the non-prevailing party, is not entitled to a lump sum

---

[1] For further discussion, <u>see</u> <u>Memorandum Re: Motion to Dismiss the First Amended Counter-Complaint</u>, ECF Doc. 194.

payment from Trustee for Elkwood's entire interest in the property.

The fundamental issue raised by Elkwood is one of equity. Elkwood and its associates invested certain amounts in the Rexford Property after the void foreclosure, and equity may require that they be reimbursed for actual expenses in connection with maintaining and improving the property. The Trustee argues that the result of this judgment should be to return the parties to their pre-foreclosure positions, and that any rights that Elkwood has would be solely pursuant to its Note and Deed of Trust against the property. A determination of the extent of Elkwood's lien is not a necessary requirement for entry of judgment on the first cause of action for quiet title based upon a void foreclosure. The Court sees no authority to indicate that such a decision is required at this point. The issue of whether Elkwood may have an increased lien or claim in this bankruptcy will be determined at a later date.

### F.R.C.P. 54(b)

Federal Rule of Civil Procedure 54(b) allows a trial court dealing with multiple claims to direct entry of a final judgment on certain claims, but not other, by making an express finding that there is no just reason for delay. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 3 (1980). In making a determination under Rule 54(b), a court "must first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action. Id. at 7. Even where the court finds that a judgment is final, "not all final judgments on individuals claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." Id. at 8. The court

must consider "judicial administrative interests as well as the equities involved" in order to avoid "piecemeal appeals." Id.

> The role of the court of appeals is "not to reweigh the equities or reassess the facts but to make sure that the conclusions derived from those weighings and assessments are juridically sound and supported by the record." As the [Mackey] Court explained: "There are thus two aspects to the proper function of a reviewing court in Rule 54(b) cases. The court of appeals must, of course, scrutinize the district court's evaluation of such factors as the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed only as single units. But once such juridical concerns have been met, the discretionary judgment of the district court should be given substantial deference, for that court is the one most likely to be familiar with the case and with any justifiable reasons for delay. The reviewing court should disturb the trial court's assessment of the equities only if it can say that the judge's conclusion was clearly unreasonable." Id. . . . . We start (and mostly stop) with juridical concerns. On this query our review is *de novo*.

Wood v. GCC Bend, LLC, 422 F.3d 873, 878–79 (9th Cir. 2005) (quoting Curtiss-Wright). The Wood Court reasoned that "this case would inevitably come back to this court on the same set of facts. . . . There is nothing unique or distinguishing about Wood's theories of adverse treatment. . . . the factual bases for both theories are identical. . . ." Id. at 879 (emphasis added).

A recent case reaffirmed the two-step process for an appeals court reviewing a Rule 54(b) certification. "First, we review de novo the juridical concerns determination, ... asking whether the certified order is sufficiently divisible from the other claims such that the case would not inevitably come back to this court on the same set of facts. Second, we review for abuse of discretion, and give special deference to, the district court's assessment of the equities." Tessera, Inc. v. Toshiba Corp., 743 F. App'x 140,

141 (9th Cir. 2018)(emphasis added). The court in Tessera ruled that "the order does not resolve a separable claim; it simply resolves one theory. . . ." Id. (Emphasis added)

The case law is therefore clear that the "juridical concerns" inquiry is not only limited to situations where the same legal issues will be appealed multiple times, but also the same factual issues. In this case, the relevant factual allegations in the first claim are substantially similar to the allegations in the second, third, fourth, and fifth claims for relief in the Third Amended Complaint. Each of those claims offers a separate theory of recovery seeking the same relief under the same set of facts. The factual complexity would require revisiting the same operative facts two times on appeal.

The primary reason that Trustee seeks to certify that there is "no just reason for delay" is to allow Trustee to move to sell the property and move this estate closer to resolution and payment to creditors. This is an important goal in any bankruptcy case. Elkwood raised the argument that this would create a "Clear Channel Issue," referring to Clear Channel Outdoor v. Knupfer (In re PW, LLC). 391 B.R. 25, 33 (BAP 9th Cir. 2008). In Clear Channel, a junior lienholder, Clear Channel, appealed an order authorizing a sale of real property free and clear of its lien under § 363(f)(5) as well as an order approving that sale to the senior lienholder by credit bid. In a widely criticized decision, the Clear Channel court ruled that the appeal of the order approving the sale to the senior lienholder was under § 363(m), but the "free and clear" aspect of that sale was subject to appellate review. This is relevant to a determination under Rule 54(b) because it increases the likelihood of yet another appeal in this case based upon the same essential facts.

The Court is also concerned about In re Rodeo Canon Dev. Corp. 362 F.3d 603

(9th Cir. 2004), opinion withdrawn and superseded, 126 F. App'x 353 (9th Cir. 2005), as amended on denial of reh'g (Apr. 1, 2005). Rodeo Canon stands for the proposition that, where there is a dispute over the Debtor's interest in the property, a bankruptcy court may not authorize a sale of property under § 363 until the court resolves the dispute and determines that the debtor has an interest in the property that can be sold. "A bankruptcy court may not allow the sale of property as 'property of the estate' without first determining whether the debtor in fact owned the property." Id. at 609. The BAP made a similar determination in In re Clark, stating: "if the property is exempt it may not be sold by the Trustee; if it is not exempt, it may be sold. The threshold question, is it still property of the estate, must first be decided." 266 B.R. 163, 172 (B.A.P. 9th Cir. 2001).

Maintaining the property may ultimately cost the estate money, potentially wasting an asset and risking a softening real estate market. Because there is the same argument under Rodeo Canon and Clear Channel on whether the sale can proceed while waiting for trial or any appeal to be completed, there is limited benefit to certifying. It would be better to get to trial quickly and then decide any § 363 sale issues. Any other order risks not only other delays but the risk of a sale that would not really be final would impact the sales price. If the parties are concerned about a market decline, they can always stipulate to any repairs needed to enable a sale and hold proceeds pending the result of litigation.

/ / /

/ / /

Conclusion

Elkwood is incorrect in arguing that a determination of a "redemption price" is a necessary requirement of Trustee's quiet title action. The proper proceeding for a determination of that issue is an amended proof of claim and claims objection motion. The Court, however, will not enter a finding that there is no just reason for delay under Fed. R. Civ. P. 54(b).

There will be a status conference held on May 16, 2019 at 10:00 a.m. in this matter. The parties should come prepared to set trial dates. The Court can commence trial as soon as the following: July 15, 16, and 18; August 1, 2, 8, and 9.

###

Date: April 30, 2019

*Maureen A. Tighe*
Maureen A. Tighe
United States Bankruptcy Judge