Jeremy V. Richards (CA Bar No. 102300)
John W. Lucas (CA Bar No. 271038)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA  90067
Tel: 310/277-6910 - Facsimile: 310/201-0760
E-mail:   jrichards@pszjlaw.com
               jlucas@pszjlaw.com

Attorneys for David K. Gottlieb, Chapter 11 Trustee of the Estates of
Solyman Yashouafar and Massoud Aaron Yashouafar

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>SOLYMAN YASHOUAFAR and MASSOUD AARON YASHOUAFAR,<br>                                      Debtors. | Case No.  1:16-bk-12255-GM<br><br>Chapter 11<br>Jointly Administered |
| In re:<br>SOLYMAN YASHOUAFAR,<br>                                      Debtor. | Case No. 1:16-bk-12255-GM<br>Chapter 11 |
| In re:<br>MASSOUD AARON YASHOUAFAR,<br>                                      Debtor. | Case No. 1:16-bk-12408-GM<br>Chapter 11 |
| Affects:<br>☑ Both Debtors<br>☐ Solyman Yashouafar<br>☐ Massoud Aaron Yashouafar | |
| DAVID K. GOTTLIEB, as Chapter 11 Trustee for Massoud Aaron Yashouafar and Solyman Yashouafar,<br><br>       Plaintiff,<br><br>       vs.<br><br>ELKWOOD ASSOCIATES, LLC, FIELDBROOK, INC., CITIVEST FINANCIAL SERVICES, INC., ISRAEL ABSELET, HOWARD ABSELET, CHASE MANHATTAN MORTGAGE COMPANY, QUALITY LOAN SERVICE CORPORATION, SODA PARTNERS, LLC, DMARC 2007-CD5 GARDEN STREET, AND STATE STREET BANK AND TRUST COMPANY,<br><br>       Defendants. | Adv. No. 1:17-ap-01040-MT<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ISSUANCE OF A REPORT AND RECOMMENDATION RE JUDGMENT ON FIRST CLAIM FOR RELIEF (QUIET TITLE)**<br><br>Date:    To be Determined Without Hearing<br>Time:   None<br>Place:   Ctrm 302 |

DOCS_LA:325240.3 32274/001

Plaintiff David K. Gottlieb, as Chapter 11 trustee for Massoud Aaron Yashouafar (the "Plaintiff" or the "Trustee") hereby files his Reply to the Opposition to Plaintiff's Motion for Issuance of a Report and Recommendation Re: Judgment on First Claim for Relief (Quiet Title) (the "Opposition") filed by Elkwood Associates, LLC, the defendants and counter claimants (collectively,"Elkwood"). All capitalized terms not otherwise defined herein shall have the same meaning as set forth in the Plaintiff's Motion for Issuance of a Report and Recommendation (the "Motion").

**I.**

**SUMMARY**

The Opposition essentially raises one argument, namely that the issue of possession was not adequately pled in the operative pleadings and therefore the Court cannot grant the Trustee possession of the Rexford Home pursuant to the First Claim for Relief. Elkwood further argues that "because the issue of possession of the Rexford Home remains to be determined in a procedurally proper manner," it is premature to recommend entry of a final judgment on the First Claim for Relief.

As more fully set forth below, the issue of possession was more than adequately framed in the operative pleadings and the District Court can and should award possession as part of the Judgment. Further, as soon as the District Court quiets title to the Rexford Home in Massoud's bankruptcy estate (which Elkwood has acknowledges this Court has resolved, subject to review/appeal), Elkwood will have a statutory obligation to relinquish possession to the Trustee pursuant to the relevant provisions of the Bankruptcy Code. Accordingly, the Court should issue the Report in the form submitted by the Plaintiff.

**II.**

**THE ISSUE OF POSSESSION IS ADEQUATELY FRAMED BY THE PLEADINGS**

Despite having previously strenuously argued that the Trustee needed to bring a separate ejectment claim in order to obtain possession of the Rexford Home, Elkwood now concedes that "[t]echnically speaking, the Trustee may not be 'required to plead a separate claim for ejectment in order to obtain possession of the Rexford Home', but he at least needed to plead it as part of the

1

quiet title claim." Opposition, p. 7, ln. 7-10 [emphasis in original]. Thus, at this point, the only argument Elkwood makes is that the issue of possession was not adequately framed by the operative pleadings. This argument is spurious and is interposed solely for the purpose of delay[1].

The Third Amended Complaint clearly alleges that title to the Rexford Home should be quieted in the name of Massoud's bankruptcy estate as of February 25, 2015. See Third Amended Complaint [Docket No. 80] (the "**Third Amended Complaint**") at ¶92. The Third Amended Complaint further alleges that Elkwood is in possession of the Rexford Home and exercised all of the rights of ownership and possession by, *inter alia*, executing the Rexford Lease and purporting to lease the property to the Debtor. Third Amended Complaint at ¶¶ 73-78 and 85-87. In its Answer to the Third Amended Complaint [Docket No. 83] (the "**Answer**"), Elkwood denied that the Trustee was the owner of the Rexford Home, asserted that it was the record owner of the Rexford Home and further asserted a counterclaim for rent purportedly owed to it by the Debtor pursuant to the Rexford Lease. Answer at ¶¶ 77, 80, 85-87, 124, and 126-141. Elkwood asserted a similar claim in its operative First Amended Counterclaim and Crossclaim.[2] This counterclaim obviously rests upon Elkwood's alleged right to possess the property. Finally, in its Sixth Affirmative Defense (the so-called "Redemption Claim"), Elkwood asserts a claim against the Trustee for expenses incurred in relation to its occupancy of the Rexford Home, conditioned on it being found to have been wrongfully in possession of the property. Answer at ¶124.

In *Medeiros v. Medeiros,* 177 Cal. App. 2d 69, 1 Cal. Rptr. 696 (1960), a case cited by both sides, the plaintiff brought a quiet title claim with respect to certain real property. Prior to trial, the plaintiff amended its quiet title claim and further alleged "that at the time of the commencement of this action, defendants were and are now in possession of said real property and were and are now

---

[1] In order to delay entry of the Judgment, Elkwood also argues that this Court should wait until the Ninth Circuit rules on its right to a jury trial on the "redemption price" and "ejectment" issues because if it prevails, "those issues will remain part of this adversary proceeding". Opposition, pg. 19, 4-6. However, this Court has already determined that the "redemption price" issue will be determined in a separate proceeding (without prejudice to Elkwood's right to a jury trial) and, as more fully set forth below, Elkwood has not and cannot identify a single theory or disputed factual issue that might entitle it to remain in possession of the Rexford Home once title is quieted in the name of the Trustee. Indeed, Elkwood's counsel was unable to identify any disputed issues relating to possession when asked by the Court to do so at the September 24, 2019 hearing.

[2] Elkwood also asserted the claim by way of a proof of claim (Claim No. 28), since withdrawn with prejudice.

2

DOCS_LA:325240.3 32274/001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

wrongfully and unlawfully withholding the same." However, although plaintiff sought "such other and further relief as is proper" as part of her quiet title claim, "[t]he prayer did not specifically ask for recovery of possession." The answer to the complaint alleged that the defendant was the owner of the property at issue. Nonetheless, based upon these pleadings, the Court of Appeal stated:

> It seems clear that the right to possession was in issue by the facts alleged in the complaint and the answer. The court could have granted the plaintiff possession if she prevailed. The subject matter of an action and the issues involved are determinable from the facts alleged rather than from the title of the pleading or the character of the recovery suggested in the prayer. [Citation omitted]. Here, the complaint alleged in part an estate in the plaintiff and possession in the defendant and a wrongful withholding. The action had the essential characteristics of the old legal action of ejectment.

*Id.,* at 73.

The only distinction between the allegations framed by the pleadings in *Medeiros v. Medeiros*, *supra,* and the instant case is that Plaintiff has not specifically alleged that Elkwood is "wrongfully and unlawfully withholding" possession of the Rexford Home. Nonetheless, such an assertion can clearly be inferred from all of the allegations of the Third Amended Complaint, in particular, the assertion that Massoud's estate was and is, at all relevant times after the Rexford Foreclosure Sale, the rightful owner of the Rexford Home. *See Duckett v. Adolph Wexler B. & F. Corp.,* 2 Cal.2d 263-65, 40 P. 2d 506 (1935) ("The court found the defendant to be the owner of the property in controversy. It follows, therefore, as one of the incidents to ownership that defendant is entitled to the possession of said property. [Citation omitted]."[3]

Further, even if the Court does not expressly rule on the issue of possession in the context of the entry of the Judgment, once the Judgment is entered, the Rexford Home becomes property of Massoud's bankruptcy estate pursuant to Bankruptcy Code § 541(a) (1) (encompassing all legal or equitable interests of the debtor in property as of the commencement of the bankruptcy case). At that point, Elkwood's continued efforts "to exercise control over property of the estate," namely the Rexford Home, would constitute a violation of the automatic stay protecting the bankruptcy estate under Bankruptcy Code § 362(a) (3). *In re Abrams*, 127 B.R. 239, 243 (B.A.P. 9th Cir. 1991)

---

[3] It is telling that Elkwood fails to identify any basis upon which it would be entitled to possession of the Rexford Home once title is quieted in the Trustee. Elkwood speculates that "[t]here may be additional arguments bearing upon the Trustee's right of possession," including making payment of the "redemption price" a condition to possession. However, this Court has already determined multiple times that payment of the "redemption price" is not a condition to quieting title and will not be determined in this proceeding.

3

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Further, once the Judgment is entered, Elkwood would have a clear statutory obligation to deliver "possession" of the Rexford Home to the Trustee pursuant to Bankruptcy Code § 542(a). By its express terms, Bankruptcy Code § 542(a) is self-executing and does not require the Trustee to take any action or commence a proceeding or obtain a court order to compel the turnover. *Mwangi v. Wells Fargo Bank, N.A.* (*In re Mwangi*), 432 B.R. 812, 823 (B.A.P. 9th Cir. 2010) (holding that "[i]t has long been the determination of this panel that the turnover provisions of the Bankruptcy Code are to be self-effectuating, subjecting to sanctions a party that willfully fails to comply.").

## III.

## **CONCLUSION**

The issue of possession of the Rexford Home has been adequately pled in this Adversary Proceeding and the Trustee is entitled to the requested findings of fact and conclusions of law relating to possession and turnover of possession. In any event, even if the Judgment does not expressly address possession, upon entry thereof, Elkwood will have a clear and unequivocal statutory obligation to turn over possession of the Rexford Home to the Trustee. Elkwood has failed to assert a single valid basis for withholding possession of the Rexford Home from the Trustee once the Judgment has been entered, instead prevaricating and contending that there "might be" a basis to withhold possession. For all of the reasons set forth in the Motion and this Reply, the Court should issue the Report for transmittal to the District Court.

Dated: October 25, 2019        PACHULKSI STANG ZIEHL & JONES LLP

By:  *Jeremy V. Richards*
Jeremy V. Richards

Attorneys for Plaintiff DAVID K. GOTTLIEB

4

DOCS_LA:325240.3 32274/001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:  10100 Santa Monica Boulevard, 13th Floor, Los Angeles, California 90067.

A true and correct copy of the foregoing document entitled: **REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ISSUANCE OF A REPORT AND RECOMMENDATION RE JUDGMENT ON FIRST CLAIM FOR RELIEF (QUIET TITLE)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 25, 2019, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) October 25, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Fereydoun Dayani
18345 Ventura Blvd Suite 500
Tarzana, CA 91356

☒    Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 25, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
The Honorable Maureen Tighe
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 324
Woodland Hills, CA 91367

☒    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 25, 2019 | Gini L. Downing | */s/ Gini L. Downing* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

DOCS_LA:325240.3 32274/001

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

**Mailing Information for Case 1:17-ap-01040-MT**

- **Timothy C Aires**  tca@arlawyers.com, gperez@arlawyers.com
- **Henry S David**  hdavid@davidfirm.com, 8163836420@filings.docketbird.com
- **Zi Chao Lin**  zlin@garrett-tully.com, dcameron@garrett-tully.com
- **John W Lucas**  jlucas@pszjlaw.com, ocarpio@pszjlaw.com
- **Daniel J McCarthy**  dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;docket@hillfarrer.com
- **Ashley M McDow**  amcdow@foley.com, sgaeta@foley.com;mhebbeln@foley.com;swilson@foley.com;jsimon@foley.com
- **Tomas A Ortiz**  tortiz@garrett-tully.com
- **Jeremy V Richards**  jrichards@pszjlaw.com, bdassa@pszjlaw.com;imorris@pszjlaw.com
- **Ronald N Richards**  ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
- **United States Trustee (SV)**  ustpregion16.wh.ecf@usdoj.gov

6

DOCS_LA:325240.3 32274/001